FILED

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
MISSISSIPPI
GREENVILLE DIVISION

TIANNA CREEL                                                       PLAINTIFF

VS.                                                             CASE NO. 4:13-CV-067-MPM-JMV

HUMPHREYS COUNTY, MISSISSIPPI;
HUMPHREYS COUNTY SHERIFF J.D. ROSEMAN,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
AND DEPUTY SHERIFF SAM DOBBINS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY                DEFENDANTS

## COMPLAINT

**COMES NOW** the Plaintiff, **TIANNA CREEL**, by and through her attorney, Boyd P. Atkinson, and files this her Complaint against the Defendants, **HUMPHREYS COUNTY, MISSISSIPPI; HUMPHREYS COUNTY SHERIFF J.D. ROSEMAN**, in his individual and official capacity; and **DEPUTY SHERIFF SAM DOBBINS**, in his individual and official capacity, and in support thereof would show unto the Court the following facts, to-wit:

### PARTIES

1. Plaintiff is a Mississippi resident residing at 546 Cane Bayou Road, Hollandale, Mississippi, 38748.

2. The Defendant, Humphreys County, Mississippi, is a governmental entity of the State of Mississippi and may be served with process through its registered agent for process, Lawrence Browder, Chancery Clerk, at 102 Castleman Street, Belzoni, Mississippi, 39038.

3. The Defendant, Humphreys County Sheriff J.D. Roseman, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

4. The Defendant, Deputy Sheriff Sam Dobbins, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

## *JURISDICTION*

5. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983.

6. Jurisdiction of this Court for the pendent claims is authorized under Federal Rule of Civil Procedure 18(a).

7. Further, the actions complained of constitute arbitrary governmental action in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## *FACTS*

8. On or about February 24, 2012, deputies from the Humphreys County Sheriff's Department arrested the Plaintiff, Tianna Creel, at her home, never charging her with any violation of law after she refused them access to her home located at Beasley Bayou Road outside of Isola, Mississippi. The deputies were attempting to arrest a Derek McDaniel. After the Plaintiff refused them access to her home, Deputy Ronnie Buchanan swore out an affidavit with the Justice Court of Humphreys County and Judge Shirley Cummings, Justice Court Judge, issued a no-knock search warrant for the single family residence located at 5651 Beasley Bayou Road in Isola, Mississippi, the residence of the Plaintiff, to search for Derek McDaniel. The

residence of the Plaintiff was searched for about two and a half hours and during that time, Derek McDaniel was not found.

9. On April 26, 2012, deputies from the Humphreys County Sheriff's Department went to the residence of the Plaintiff, Tianna Creel, who was then residing at 546 Caney Bayou Road in Hollandale, Mississippi, in an attempt to arrest Derek McDaniel. After Plaintiff spoke with her attorney, Boyd P. Atkinson, her attorney gave members of the U.S. Marshall's Fugitive Task Force authority to search the home of Plaintiff. Derek McDaniel was found inside the residence and was arrested on an outstanding warrant.

10. Jimmy Dale Thomas, an investigator for the Mississippi Bureau of Investigations, took a statement from the Plaintiff, Tianna Creel, and Derek McDaniel, and made a close inspection of the Plaintiff's home.

11. After a thorough investigation of the facts of the case and in talking with the Plaintiff, Tianna Creel, and Derek McDaniel, Agent Thomas was of the opinion that Derek McDaniel had gained access to the Plaintiff's home without the knowledge or consent of the Plaintiff and correctly concluded that the Plaintiff was not knowingly harboring a fugitive and declined to sign a criminal affidavit against the Plaintiff for any violations of state law.

12. The Plaintiff, Tianna Creel, was, thereafter, taken into custody by the Humphreys County Sheriff's Department and booked at the Humphreys County Jail.

13. The Defendant, Deputy Sheriff Sam Dobbins, on May 1, 2012, signed a criminal affidavit against the Plaintiff, Tianna Creel, for violation of Section 97-9-103 for rendering criminal assistance and hindering prosecution and a warrant was issued by Justice Court Judge Shirley Cummings on that charge; a copy of the general affidavit and a copy of the general warrant is attached hereto as Exhibits "1" and "2" collectively. At the Plaintiff's initial

appearance, she was required to post a $10,000.00 bond which she immediately made with Michael Starks, a licensed bondsman in Humphreys County, incurring a total expense with the bondsman in the amount of $1,200.00. Since the filing of the general affidavit and issuance of the warrant, this case has been turned over to the District Attorney's Office for Humphreys County, Mississippi and at least three (3) grand juries have convened since the case was turned over to the District Attorney's Office and a grand jury of Humphreys County has not indicted the Plaintiff for this charge. Additionally, the affidavit signed by the Defendant, Deputy Sheriff Sam Dobbins, alleges that the date of the incident was February 24, 2012, a time previously when the Plaintiff's home had been searched by approximately ten (10) law enforcement officers without find Derek McDaniel at that time and therefore, the warrant was wrong in that it alleged a crime that could not have occurred and did not occur on February 24, 2012, given the facts that Derek McDaniel was not found in the Plaintiff's home until over two months later. The issuance of the warrant was also at the urging of the Defendant, Sheriff J.D. Roseman, in retaliation against the Plaintiff, Tianna Creel, for allegations she had made against Sheriff Roseman and his officers arising out of their ransacking her home and illegally arresting her on February 24, 2012, when she denied them access to her home without a valid search warrant.

14. Plaintiff was required to be housed in the Humphreys County Jail for over three (3) days, causing her significant discomfort, emotional distress, embarrassment, and expenses in the way of paying a bond premium to obtain her freedom.

15. Plaintiff further alleges that had her present attorney, Boyd P. Atkinson, not interceded in her behalf with the Humphreys County Sheriff's Department, she would not have had her initial appearance as quickly as she did and the Defendant, Deputy Sheriff Sam Dobbins, would have kept the Plaintiff in the Humphreys County Jail for much longer than they actually

did, primarily in retaliation for the allegations that the Plaintiff had made against the Defendant, Sheriff J.D. Roseman, and members of the Humphreys County Sheriff's Department concerning their prior actions.

## CAUSES OF ACTION

### COUNT ONE – VIOLATION OF 42 U.S.C. § 1983: FALSE ARREST

16. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

17. As a result of Defendants' unlawful arrest, the Plaintiff was subjected to a clear deprivation of her Fourth and Fourteenth Amendment rights. Defendant, Deputy Sam Dobbins, at all times, was acting under color of law and had sworn out a completely false and baseless criminal affidavit against the Plaintiff which caused her to be formally charged with a crime that she was never indicted for.

### COUNT TWO – MALICIOUS ABUSE OF PROSECUTION

18. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

19. The Defendants maliciously employed illegal process in a manner not contemplated by law.

20. As a proximate cause of the Defendants' abusive process and actions, Plaintiff suffered and continues to suffer mental pain and anguish, physical pain and anguish, severe emotional trauma, humiliation, and other resultant injuries.

### COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

22. At all times relevant herein, the Defendants' extreme and outrageous conduct recklessly and/or intentionally caused Plaintiff's severe emotional distress.

23. As a proximate cause of the Defendants' extreme and outrageous conduct, the Plaintiff suffered, does suffer, and will continue to suffer mental pain and anguish, severe emotional trauma, humiliation, and other resultant injuries, while at all times the Defendants were acting under color of law.

## *COUNT FOUR – NEGLIGENCE*

24. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

25. The Defendants owed the Plaintiff a duty to act in accordance with the standards of police procedure. The Defendants breached said duty by failing to act as reasonable law enforcement officers would act. Defendant, Deputy Sheriff Sam Dobbins, well knew that the date on the general affidavit that he signed against the Plaintiff was wrong and only signed that affidavit when investigators from the Mississippi Bureau of Investigations, after fully investigating the facts and circumstances surrounding the allegations, declined to sign a criminal affidavit and prosecute the Plaintiff.

26. As a direct and approximate breach of the duty of the Defendants, Sheriff J.D. Roseman and Deputy Sam Dobbins, Plaintiff has suffered and continues to suffer mental pain and anguish, severe emotional trauma, humiliation, retaliation by the Defendants, and other resultant injuries.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands judgment for the causes of action listed herein for special, punitive, and compensatory damages, plus the costs of this action, including attorney's fees and such other relief that this Court deems just and equitable.

**RESPECTFULLY SUBMITTED** on this the 28th day of March, A.D., 2013.

                                        TIANNA CREEL, PLAINTIFF

BY: _____
         BOYD P. ATKINSON, MSB NO. 8324
         *Attorney for Plaintiff*
         *P.O. Box 427*
         *Cleveland, MS 38732*
         *(662) 843-9766*

**STATE OF MISSISSIPPI**
**COUNTY OF BOLIVAR**

**PERSONALLY** appeared before me the undersigned authority at law in and for the jurisdiction aforesaid, the within named, **BOYD P. ATKINSON**, Attorney for Plaintiff, Tianna Creel, who after being by me first duly sworn, states on oath that the matters and facts set out in the above and foregoing Complaint are true and correct as therein stated to the best of his information and belief.

SWORN TO AND SUBSCRIBED before me on this the 28th day of March, A.D., 2013.

My Commission Expires:

_____
NOTARY PUBLIC

_____